# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOBA L.M., <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, et al., <br><br> Respondents. | Case No. 1:25-cv-00611-JLT-SAB-HC <br><br> ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED UNDER INITIALS AND CHOSEN NAME <br><br> (ECF No. 5) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On May 22, 2025, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On May 30, 2025, Petitioner filed the instant motion for leave to proceed under initials and chosen name. (ECF No. 5.) On June 23, 2025, Respondents filed a motion to dismiss and strike unlawfully named respondents and a statement of nonopposition to the motion to proceed under initials. (ECF No. 10.)

///

///

///

## II.

## DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Advanced Textile Corp., 214 F.3d at 1067–68 (alteration in original) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" Advanced Textile Corp., 214 F.3d at 1068 (first alteration in original) (internal citations omitted). The Ninth Circuit has held that where the use of a pseudonym is used to shield the party from retaliation, the district court should evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. Advanced Textile Corp., 214 F.3d at 1068 (citations omitted).

1        Here, Petitioner requests to be permitted to proceed under initials and chosen name
2 based, in part, on her application for protection under the Convention Against Torture ("CAT").
3 (ECF No. 5 at 3–5.) Petitioner has stated a concern for her own safety if she were to return to her
4 country of origin and for family members residing in her home country. The Court has also
5 reviewed the declaration of counsel Jessica S. Yamane, which provides additional information in
6 support of these proffered reasons.

7        Courts have granted motions to file pseudonymously based on CAT claims and the
8 petitioners' fears of persecution and retaliation should their identities be revealed. See, e.g., Doe
9 v. Becerra, 732 F. Supp. 3d 1071, 1091 (N.D. Cal. 2024) ("Given the circumstances of Mr.
10 Doe's petition and his allegations that he will face torture or death if he returns to Mexico, the
11 Court previously granted Mr. Doe's motions to proceed under pseudonym[.]"); E.O.P. v.
12 Andrews, No. 1:25-cv-00721-SKO (HC), 2025 WL 1735396, at *1 (E.D. Cal. June 23, 2025);
13 Doe v. Wofford, No. 1:24-cv-00943-EPG-HC, 2025 WL 1305859, at *4 (E.D. Cal. May 6,
14 2025); A.E. v. Andrews, No. 1:25-cv-00107-KES-SKO (HC), 2025 WL 871334, at *1 (E.D. Cal.
15 Mar. 19, 2025).

16        Based on the Court's review of the severity of the harm, the reasonableness of the
17 Petitioner's proffered fears, Petitioner's vulnerability to retaliation, and given Respondents'
18 statement of nonopposition, the Court finds that the need for anonymity in this case outweighs
19 countervailing considerations. See Kamehameha Schools, 596 F.3d at 1042.

## III.

## ORDER

22        Accordingly, IT IS HEREBY ORDERED that:

23 1. Petitioner's motion for leave to proceed under initials and chosen name (ECF No. 5) is
24      GRANTED;
25 2. Petitioner may proceed under initials and chosen name in this action;
26 3. Petitioner may redact from any exhibits filed in this litigation:
27      a. Her full legal name aside from the first initials of each name;
28      b. All but the last three digits of identifiers publicly linked to her full legal name

such as drivers' license number and immigration file number ("A-number");

  c. Number and street name of home addresses;

  d. Last names of family members, except for the first initial of the last name(s); and

  e. All but the last three digits of any criminal, civil, or other judicial case numbers linked to Petitioner's full legal name; and

4. Respondents are ORDERED to use "Loba L.M.," "Loba," or "Mx. L.M." in place of Petitioner's legal name in any filings in this litigation; and to redact from any exhibits filed in this litigation:

  a. Petitioner's full legal name aside from the first initials of each name;

  b. All but the last three digits of identifiers publicly linked to her full legal name such as drivers' license number and immigration file number ("A-number");

  c. Number and street name of home addresses;

  d. Last names of family members, except for the first initial of the last name(s);

  e. All but the last three digits of any criminal, civil, or other judicial case numbers linked to Petitioner's full legal name.

IT IS SO ORDERED.

Dated: **July 1, 2025**

                 STANLEY A. BOONE
                 United States Magistrate Judge