# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOBA L.M.,<br><br>            Petitioner,<br><br>       v.<br><br>TONYA ANDREWS,<br><br>            Respondent. | No. 1:25-cv-00611 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, GRANTING RESPONDENT'S MOTION TO DISMISS AND STRIKE UNLAWFULLY NAMED RESPONDENTS, DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION, DIRECTING RESPONDENT TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 10, 12, 25) |

Petitioner, who has been in immigration custody pursuant to 8 U.S.C. § 1226(c) for approximately 22 months without an individualized bond hearing, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2025, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondent's motion to dismiss and strike unlawfully named respondents be granted, Respondent's motion to dismiss the petition be denied, and Respondent be directed to provide Petitioner with an initial bond hearing before an immigration judge. (Doc. 25.) The Court served the findings and recommendations on

1

the parties and notified them any objections thereto were to be filed within fourteen days. (*Id.*) The parties were also warned that "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id*. at 17 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) To date, no objections have been filed, and the time for doing so has passed.

According to the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.[1]

In the event a notice of appeal is filed, a certificate of appealability is not required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Comm'n*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997). Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 16, 2025 (Doc. 25) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondent's motion to dismiss and strike unlawfully named respondents (Doc. 10) is **GRANTED**. All respondents other than Tonya Andrews are **DISMISSED.**

---

[1] After surveying and acknowledging the various factor-based tests that have been applied by other courts in similar circumstances, the findings and recommendations applied the three-factor test set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("[T]o determine whether § 1226(c) detention has become unreasonable, the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."). The magistrate judge also concluded that the *Mathews* factors, which have been applied by some other courts in cases involving lengthy detentions under 8 U.S.C. § 1226(c), are "more suited to determining whether due process requires a second bond hearing." (Doc. 25 at 10.) The Court notes that this may be a distinction without much of a difference. In cases applying *Mathews* to § 1226(c) detainees who had not yet received any form of bond determination, the disputed aspects of the *Mathews* analysis focused on the same subjects highlighted in *Lopez*, namely how long the petitioner had been detained and whether the reason for the period of detention was due to the petitioner's own actions. *See, e.g., Doe v. Andrews*, No. 1:25-CV-00680-KES-SKO (HC), 2025 WL 2390725, at *5 (E.D. Cal. Aug. 18, 2025), *report and recommendation adopted*, No. 1:25-CV-00680-KES-SKO (HC), 2025 WL 2896045 (E.D. Cal. Oct. 12, 2025) Other *Mathews* considerations were resolved in favor of the petitioners without much discussion, given that a detainee's private interest in freedom from prolonged detention is unquestionably substantial, the risk of erroneous deprivation is high given the absence of any bond hearing, and the fact that providing a bond hearing would not undercut the government's interest in preventing flight or a danger to the community or in effecting prompt removal. *See, e.g.*, *Peters v. Wofford*, No. 1:25-CV-00497-SKO (HC), 2025 WL 2299801, at *7 (E.D. Cal. Aug. 8, 2025). The more focused *Lopez* test is appropriate under the circumstances and was correctly applied to the facts of this case.

4. Respondent's motion to dismiss the petition (Doc. 12) is **DENIED**.

5. Within 30 days of the date of service of this order, Respondent is **DIRECTED** to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **November 14, 2025**

UNITED STATES DISTRICT JUDGE